Submitted on record and briefs October 12, 2000, affirmed February 21, 2001

In the Matter of
Deandra Darnell Offord, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Deandra Darnell OFFORD,
*Appellant.*

(9501-80148; CA A104900)

19 P3d 377

Kathryn G. McNannay and McNannay & Kliewer, LLP, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Laura S. Anderson, Assistant Attorney General, filed the brief for respondent.

Before Deits, Chief Judge, and Landau,* and Brewer, Judges.

PER CURIAM

---

* Landau, J., *vice* Warren, S. J.

## PER CURIAM

Child argues that the juvenile court erred in its dispositional order committing him to the custody of the Oregon Youth Authority (OYA) for placement at a state training school for five years. Child contends that, under ORS 419C.501,[1] the juvenile court erred in imposing the five-year sentence, because that statute precludes the juvenile court from imposing a sentence greater than the maximum time period authorized by the sentencing guidelines if the act had been committed by an adult. In this case, the maximum time period under the sentencing guidelines was 18 months.

As we held in *State ex rel Juv. Dept. v. Johnson*, 168 Or App 81, 7 P3d 529 (2000), under ORS 419C.501, the maximum time period that the juvenile court may commit a juvenile to the custody of the OYA is not to exceed the maximum indeterminate period of incarceration for the act. Here, the maximum adult period of incarceration for theft, which was the offense committed by child, was five years. ORS 161.605(3). Accordingly, the trial court did not err.

Affirmed.

---

[1] ORS 419C.501 (1997) was amended by Oregon Laws 1999, chapter 964, section 1. It is undisputed that the 1997 version of the statute is applicable here.